UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-31997-WRS
                                                         Chapter 7
JORIE G. WELCH,

    Debtor.


DAVID G. HATAWAY,

    Plaintiff,                                           Adv.Pro.No. 05-3067-WRS
v.

JORIE G. WELCH,

    Defendant.


**MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon Plaintiff's motion for summary judgment. (Docs. 17, 18, 19). Upon consideration of the pleadings, as well as the briefs on file, the Court will enter judgment in favor of the Plaintiff.

**I. BACKGROUND**

The issue to be determined here is whether the Debtor's obligation to pay attorney's fees by way of a state court dissolution action is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The pertinent facts are summarized as follows. Jorie G. Welch, Debtor, and David M. Hataway, Plaintiff, were married in February, 2002. (Doc. 18). The marriage produced one daughter, born on July 9, 2002. (Doc. 17; Hataway Aff.).

The parties were divorced by Order of the Superior Court, Cobb County, Georgia, on April 20, 2005. (Doc. 17; Hataway Aff.). The Final Order of the Superior Court awarded sole legal custody of the minor child to the Plaintiff, set forth the parameters of the Debtor's visitation rights, divided the parties' marital and separate property, and ordered that the Debtor shall pay child support to Plaintiff in the amount of $300.00 per month through October, 2005, and increasing to $500.00 per month on November 1, 2005. (Doc. 17; Ex. A). The Final Order also specifically set forth various findings of fact regarding the Debtor's behavior towards the Plaintiff and the minor child. (Doc. 17; Ex. A.). Subsequent to the Final Order of divorce, the Superior Court entered an Order directing the Debtor to pay attorney's fees in the amount of $10,732.25 to Plaintiff's counsel. The Debtor was ordered to make payments of this award through monthly installment payments of no less than $200.00 per month until the outstanding part of the award is paid. (Doc. 17; Ex. B). The Debtor filed a Chapter 7 petition in this Court on July 13, 2005 and this Adversary Proceeding was filed on August 25, 2005[1]. In the instant motion for summary judgment the Plaintiff asserts that the debt owed to him by the Debtor involves issues of maintenance and support and is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(5). (Doc. 18). In response to the motion for summary judgment the Debtor filed an affidavit which the Court has taken into consideration. (Doc. 19).

---

[1] Plaintiff's Complaint filed on August 25, 2005, contained Count I, pursuant to 11 U.S.C. § 523(a)(5), and Count II, pursuant to 11 U.S.C. § 523(a)(15(A) and (B). (Doc. 1). Count II of the Complaint involved the dischargeability of a debt in the amount of $4,028.00 relating to the parties' van. (Docs. 1; 17). Plaintiff has since filed a Joint Stipulation of Dismissal of Count II of the Complaint. (Doc. 20). Accordingly, the sole claim remaining to be resolved in this Adversary Proceeding involves the determination of dischargeability of attorney's fees under 11 U.S.C. § 523(a)(5).

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

The Plaintiff seeks a determination from this Court that the indebtedness owed him by the Debtor is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### B. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct.

2505, 91 LED. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Association, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment,"the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

### C. Discussion

The issue presented here is whether an award of attorney's fees in a state court dissolution action is in the nature of support within the meaning of 11 U.S.C. § 523(a)(5), thereby making it nondischargeable. The burden of proving that the debt should be excepted from discharge is on the creditor. In re: Lagrone, 230 B.R. 900, 903 (Bankr. S.D.Ga. 1999). The Court first notes that unlike other exceptions to discharge, section 523(a)(5) is entitled to a more broad interpretation, as it reflects a public policy of enforcing familial obligations. Olszewski v. Joffrion (In re: Joffrion), 240 B.R. 630, 633 (M.D. Ala. 1999). While state law provides guidance in determining whether an obligation should be considered in the nature of "support" for purposes of section 523(a)(5), federal law controls the Court's inquiry. In re: Strickland, 90 F.3d 444, 447 (11th Cir. 1996); In re: Robinson, 193 B.R. 367, 372 (Bankr. N.D.Ga. 1996)(citing Gianakas v. Gianakas (In re: Gianakas), 917 F.2d 759, 762 (3d Cir. 1990); Sylvester v.

4

Sylvester, 865 F.2d 1164, 1166 (10th Cir. 1989)). In deciding whether this debt falls within the parameters of section 523(a)(5), the Court need only engage in a "simple inquiry." In re: Suarez, Nos. 92-2009, 92-2013, 1992 WL 12003978, at *7 (Bankr. S.D.Ga. Dec. 23, 1992)("statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support"); In re: Joffrion, 240 B.R. 630, 633 (the court need only determine generally whether the debt is "in the nature of support").

In considering the question of whether an award of attorney's fees in a divorce proceeding constitutes a nondischargeable debt within the meaning of 11 U.S.C. § 523(a)(5), a majority of courts have uniformly found that it does. See In re: Robinson, 193 B.R. 367, 372 (citing Taylor v. Foiles (In re: Foiles), 1995 WL 463101, No. 94-2582, at *1-2 (4th Cir. Aug. 7, 1995); Joseph v. J. Huey O'Toole P.C. (In re: Joseph), 16 F.3d 86, 87-88 (5th Cir. 1994); Jones v. Jones (In re: Jones), 9 F.3d 878, 880-81 (10th Cir. 1993); Pauley v. Spong (In re: Spong), 661 F.2d 6, 8-11 (2d Cir. 1981); Murphy v. Murphy (In re: Murphy), 1993 WL 246076, *3-5 (D. Kan. June 14, 1993); Ewing v. Ewing (In re: Ewing), 180 B.R. 443, 446 (Bankr. E.D.Va. 1994); Rosenblatt v. Rosenblatt (In re: Rosenblatt), 176 B.R. 76, 77-79 (Bankr. S.D.Fla. 1994); see also In re: Foster, 292 B.R. 221, 223 (Bankr. M.D.Fla. 2003)(and cases cited therein). In examining the nature of the attorney's fee, courts look to several factors including the nature of the underlying litigation and the intent of the divorce court in imposing the obligation. In re: Lanting, 198 B.R. 817, 822 (Bankr. N.D.Ala. 1996); In re: Robinson, 193 B.R. 367, 374.

In the instant case, the language of the Final Order itself provides a strong indication of the state court's intent that the fee award be part of the Plaintiff's support.

The Final Order catalogued a long and detailed list of factual findings describing the Debtor's inappropriate behavior towards the Plaintiff, including intimidation, threats of violence, disobeying court orders, making false allegations, and the filing of false criminal charges resulting in Plaintiff's arrest. (Doc. 17; Ex. A). The litigation and the Final Order also involved not only the custody of the minor child but also an award of alimony and child support. Given the language of the decree itself and the nature of the underlying litigation that gave rise to the award, the Court finds that the award of attorney's fees are so "inextricably intertwined" with the obligation of support as to be in the nature of support and excepted from discharge pursuant to section 523(a)(5). In re: Robinson, 193 B.R. 367, 374; In re: Rosenblatt, 176 B.R. 76, 79 ("the majority rule is that an obligation to pay the attorney's fees of an ex-spouse is so connected with the obligation of support as to be in the nature of support and excepted from discharge").

Additionally, it is apparent that the state court took into consideration the financial position of the parties, as required by Georgia law. See O.C.G.A. § 19-6-2[2]. The Order on Plaintiff's request for an award of attorney's fees states the following:

> The Court, having read and considered the entire record and correspondence from counsel for the above-named parties, hereby grants Plaintiff's Request for Award of Reasonable and Necessary Attorney's Fees And Expenses Of Litigation as noted herein, under the authority vested in this Court to award such litigation

---

[2] OCGA § 19-6-2(a)(1) provides as follows:

(a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:

    (1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; and

    (2) . . .

expenses to one party after duly considering parties' financial circumstances, O.C.G.A. § 19-6-2."

(Doc. 17; Ex. B). In this case, the state court, citing to the applicable Georgia law, explicitly declared that it considered the parties' financial circumstances in awarding the Plaintiff attorney's fees. In re: Robinson, 193 B.R. 367, 374 (citing Joseph v. J. Huey O'Toole P.C. (In re: Joseph), 16 F.3d 86, 88 (5th Cir. 1994)('the attorney's fee award is deemed nondischargeable if the award itself reflects a balancing of the parties' financial needs'); In re: Suarez, 1992 WL 12003978, at *11 ("award of attorney's fees by the state court in a divorce proceeding is generally based upon the same consideration as award of alimony, i.e., need and ability to pay"). Also, it should be noted that neither the fact that the Plaintiff's income exceeded that of the Debtor's income at the time of the award, nor the fact that the state court ordered payment directly to the attorney, sufficiently demonstrate that the fee award was not in the nature of support. See In re: Lanting, 198 B.R. 817, 822 (court held that "financial disparity of the parties is only one factor to which the Court can look to determine the intent of the state court"); In re: Robinson, 193 B.R. 367, 373 ("it makes no difference that the divorce court may have ordered payment directly to the attorney").

### III. CONCLUSION

In summary, the language of the Final Order of the state court, the nature of the underlying litigation, and the fact that the state court considered the financial circumstances of the parties in making the award of attorney's fees, all strongly suggest that the fee award was in the nature of support. Having found no genuine issues as to the

character of the attorney's fee award, the Court concludes that summary judgment is appropriate and that the fee award is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Court will enter judgment by way of a separate document in accordance with this Memorandum Decision.

Done this 22nd day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Janie S. Gilliland, Attorney for Plaintiff
   Lewis B. Hickman, Jr., Attorney for Defendant